SAMUEL STRAUS, plaintiff in error, *vs.* B. HERMAN, defendant in error.

(BY TWO JUDGES.) When A sold goods to B and received in payment certain tea-pots, spoons, forks, etc., at so much per ounce, B representing them to be sterling silver, imported by him, he knowing them to be merely plated and of small value, and A took the articles on the faith of B's representations :

*Held,* That A may tender back the goods, treat the payment or sale of the articles to him as fraudulent and void, and sue for the price of the goods. 12th March, 1872.

Barter and Sale. Rescinding contracts. Before Judge HOPKINS. Fulton Superior Court. April Term, 1872.

Straus averred that Herman was indebted to him $127 66, because he sold Herman a diamond pin for $155, of which Herman had paid him but $27 34.  The testimony was that at the time and place stated, Straus let Herman, a jeweler, have a diamond pin at $155 and took, in exchange therefor, certain ware, at the estimated value of $127 66 and $27 34 in cash; that Herman represented that said ware was pure silver, imported by himself; and relying upon this representation only, Straus took it at said price for family use.    It was not silver, but some base metal, not worth over $20.    When Straus found out that the ware was not silver, he had it tendered back to Herman, saying Straus wished to rescind the trade.    Herman replied that he had sold the pin, and refused to receive the ware or pay the amount allowed for it in said trade.    The ware was then deposited, subject to Herman's order, of which he had notice.    It was tendered to him upon the trial also.    Upon this evidence the Court non-suited plaintiff.    That is assigned as error.

NEWMAN & HARRISON, for plaintiff in error.    The trade was void for fraud, and Straus could recover value of pin: R. Code, sections 2591, 2592.    Contracts void in part or wholly: R. Code, sections 2599, 2683.    Barter and exchange on same footing: R. Code, section 2614.    *Assumpsit* was proper action.

E. F. HOGE, for defendant.    Barter and sale on footing of private sale: R. Code, section 2614.    Contract executed cannot be rescinded: R. Code, section 2610.    Rescission must put parties *in statu quo,* when contract was made: R. Code, section 2610; 41 G. R., 179.

McCAY, Judge.

Under section 2614 of the Code, contracts of barter and exchange stand on the same footing with private sales, so far

as the same principles can be applied to them. Suppose this had been a sale in all respects. Clearly, under the evidence, the purchaser of the silver had a right to tender back the same and sue for the value he paid for it. In this case he tendered back the silver and offered to rescind. In the trade the silver was taken at a fixed price per ounce. Its precise value, as estimated by the parties, is therefore ascertained. The defendant refuses to redeliver the pin in any event; says in fact that he has sold it and cannot deliver it. Clearly, therefore, the real wrong done to the plaintiff is to be measured by the value put upon the ware by the parties in the trade. He offers to restore that ware and asks its money value.

It is admitted that, under the proof, he might, had he offered the $27 as well as the ware, recover the whole value of the pin. But the defendant has disposed of the pin. He is unable to give it up. It was therefore useless to give him that option; since, by his own act, he had made it impossible for him to return the pin. It seems to us, that it would be sticking very closely in the bark to say that he ought to have offered to rescind entirely, that is, offered back the *money* also, and then sued for the value of the pin, allowing a credit for the money. That is in effect what has been done.

Did it appear that the defendant was willing or able to rescind at the time of the demand, there might be ground for saying that the plaintiff had not done enough, but the proof shows that he denied having the pin; so that he could not restore it, and there was therefore no use in offering him the $27 as well as the wares. Applying the rule in the case of sales to this case, so far as the circumstances permit the application to be made, we think the present action is sustained by the proof. Here was a clear fraud on the defendant, he put it out of his power to rescind the trade. The plaintiff offered him the next best thing, viz: "Here is your plated ware, pay me what I took it at." He refused also this.

We think, under the facts, he had a right to sue for the

agreed price of the ware, and the Court ought to have allowed the jury to pass upon the proof.

Judgment reversed.